IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMMY LALACK,                                        3:11-CV-01285-BR

       Plaintiff,

                                   ORDER

v.

STATE OF OREGON, OREGON YOUTH
AUTHORITY, KENNETH JESKE, and
FARIBORZ PAKERESHT,

       Defendants.


DANIEL J. SNYDER
CARL LEE POST
ERIN C. MCCOOL
Law Offices of Daniel Snyder
1000 S.W. Broadway
Suite 2400
Portland, OR 97205
(503) 241-3617

       Attorneys for Plaintiff

ELLEN F. ROSENBLUM
Attorney General
MARC ABRAMS
JESSICA L. MCKIE
Assistant Attorneys General
Oregon Department of Justice
1515 S.W. Fifth Avenue
Suite 410
Portland, OR 97201
(971) 673-1880

       Attorneys for Defendants

1 - ORDER

**BROWN, Judge.**

On October 25, 2011, Plaintiff filed this action against Defendants State of Oregon, Oregon Youth Authority (OYA), and OYA employees Kenneth Jeske and Fariborz Pakseresht in which Plaintiff alleges ten claims for relief:  (1) violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, against the State; (2) violation of the Oregon Rehabilitation Act, Oregon Revised Statute § 659A.100, *et seq.*, against the State; (3) violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, against the State; (4) violation of the Oregon Family Leave Act (OFLA), Oregon Revised Statute § 659A.150, against the State; (5) violation of Oregon's whistleblower statute, Oregon Revised Statute § 659A.203, against the State; (6) violation of Oregon's whistleblower statute, Oregon Revised Statute § 659A.199, against the State; (7) violation of Plaintiff's right to substantive due process pursuant to 42 U.S.C. § 1983 against all Defendants; (8) violation of Plaintiff's right to procedural due process pursuant to 42 U.S.C. § 1983 against all Defendants; (9) violation of Oregon's injured worker discrimination statute, Oregon Revised Statute § 659A.040, against the State; and (10) wrongful termination by the State.

On July 25, 2012, Defendants filed a Motion (#21) to Dismiss and/or Motion for Summary Judgment as to all of Plaintiff's

claims in which they asserted, among other things, that
Plaintiff's Second, Fourth, Fifth, Sixth, Ninth, and Tenth Claims
may not be brought in this Court due to sovereign immunity and
the conduct of Defendants prior to October 25, 2009, may not form
the basis of any of Plaintiff's claims because of the applicable
statutes of limitations.

Although Plaintiff does not address in her responsive papers
(##34-60) Defendants' assertion that any of their conduct before
October 25, 2009, may not form the basis of Plaintiff's claims,
Plaintiff appears to concede Defendants' statue-of-limitations
arguments.  In addition, Plaintiff stipulates in her Response:
(1) dismissal of her First Claim is appropriate because of
sovereign immunity; (2) dismissal of her Seventh and Eighth
Claims as to the State is appropriate; and (3) the Court should
dismiss without prejudice Plaintiff's Second, Fourth, Fifth,
Sixth, Ninth, and Tenth Claims.  The Court, therefore,
(1) **DISMISSES with prejudice** Plaintiff's First Claim and
Plaintiff's Seventh and Eighth Claims as to the State and
(2) **DISMISSES without prejudice** Plaintiff's Second, Fourth,
Fifth, Sixth, Ninth, and Tenth Claims.

As to the remaining claims in this matter (Plaintiff's
claims for violation of FMLA against the State and Plaintiff's
claims for substantive and procedural due process against the
individual Defendants), the Court notes the voluminous briefing

materials submitted by the parties contain numerous references to facts and theories of law that are no longer at issue and it is difficult at this juncture to sift through the parties' various arguments and evidence in an to attempt to identify and to isolate the factual materials and legal arguments that pertain solely to the remaining claims.

Thus, the Court **DIRECTS** Plaintiff to file no later than **October 23, 2012,** a supplemental memorandum in opposition to Defendants' Motion **not to exceed 10 pages** identifying the disputed facts that are material to Plaintiff's remaining claims and summarizing the legal bases on which Plaintiff relies to oppose Defendants' Motion as to those claims.

Defendants then shall file a supplemental reply no later than **November 5, 2012**, **also limited to 10 pages**, addressing the facts and legal bases identified by Plaintiff and succinctly stating the bases on which Defendants continue to contend they are entitled to judgment.

Finally, the Court **STRIKES** the November 6, 2012, oral argument. After reviewing the supplemental submissions of the parties, the Court will reset oral argument at a later date if

4 - ORDER

the Court determines argument will be helpful.

IT IS SO ORDERED.

DATED this 11th day of October, 2012.


s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge