IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TAMMY LALACK,** | 3:11-CV-01285-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **STATE OF OREGON, OREGON YOUTH AUTHORITY, KENNETH JESKE, and FARIBORZ PAKSERESHT,** | |
| Defendants. | |

**DANIEL J. SNYDER**
**CARL LEE POST**
**ERIN C. McCOOL**
Law Offices of Daniel Snyder
1000 S.W. Broadway
Suite 2400
Portland, OR 97205
(503) 241-3617

       Attorneys for Plaintiff

1 - OPINION AND ORDER

**ELLEN F. ROSENBLUM**
Attorney General
**MARC ABRAMS**
**JESSICA L. McKIE**
Assistant Attorneys General
Oregon Department of Justice
1515 S.W. Fifth Avenue
Suite 410
Portland, OR 97201
(971) 673-1880

          Attorneys for Defendants

**BROWN, Judge.**

     This matter comes before the Court on Defendants' Amended Bill of Costs (#91).  For the reasons that follow, the Court awards costs to Defendant in the amount of **$3,183.00**.


                           BACKGROUND

     On October 25, 2011, Plaintiff Tammy Lalack filed an action in this Court against the State of Oregon, Oregon Youth Authority, Kenneth Jeske, and Fariborz Pakseresht in which Plaintiff alleged ten claims:  (1) violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*., against the State; (2) violation of the Oregon Rehabilitation Act, Oregon Revised Statute § 659A.100, *et seq.,* against the State; (3) violation of FMLA, 29 U.S.C. § 2601, against the State; (4) violation of the Oregon Family Leave Act (OFLA), Oregon Revised Statute § 659A.150, against the State; (5) violation of Oregon's whistleblower statute, Oregon Revised Statute

2 - OPINION AND ORDER

§ 659A.203, against the State; (6) violation of Oregon's whistleblower statute, Oregon Revised Statute § 659A.199, against the State; (7) violation of Plaintiff's right to substantive due process pursuant to 42 U.S.C. § 1983 against all Defendants; (8) violation of Plaintiff's right to procedural due process pursuant to 42 U.S.C. § 1983 against all Defendants; (9) violation of Oregon's injured-worker discrimination statute, Oregon Revised Statute § 659A.040, against the State; and (10) wrongful termination by the State.

On July 25, 2012, Defendants filed a Motion to Dismiss and/or for Summary Judgment as to all of Plaintiff's claims in which they asserted, among other things, that Plaintiff's Second, Fourth, Fifth, Sixth, Ninth, and Tenth Claims may not be brought in this Court due to sovereign immunity and the conduct of Defendants prior to October 25, 2009, may not form the basis of any of Plaintiff's claims because of the applicable statutes of limitations.

Although Plaintiff did not address in her responsive papers Defendants' assertion that their conduct before October 25, 2009, could not form the basis of Plaintiff's claims, Plaintiff appeared to concede Defendants' statute-of-limitations argument. In addition, Plaintiff stipulated in her Response that (1) dismissal of her First Claim was appropriate because of sovereign immunity; (2) dismissal of her Seventh and Eighth

3 - OPINION AND ORDER

Claims as to the State was appropriate; and (3) the Court should dismiss without prejudice Plaintiff's Second, Fourth, Fifth, Sixth, Ninth, and Tenth Claims.

On October 11, 2012, the Court entered an Order in which it (1) concluded Defendants' conduct prior to October 25, 2009, may not form the basis for any of Plaintiff's claims; (2) dismissed with prejudice Plaintiff's First, Seventh, and Eighth Claims against the State; and (3) dismissed without prejudice Plaintiff's Second, Fourth, Fifth, Sixth, Ninth, and Tenth Claims. As to the remaining claims (violation of FMLA against the State and substantive and procedural due-process claims against the individual Defendants), the Court pointed out that the voluminous briefing materials submitted by the parties contained numerous references to facts and theories of law that were no longer at issue and noted it was difficult to sift through the parties' various arguments and evidence in an attempt to identify and to isolate the factual materials and legal arguments that pertain solely to the remaining claims. Accordingly, the Court directed Plaintiff to file a supplemental memorandum identifying the disputed facts that are material to Plaintiff's remaining claims and summarizing the legal bases on which Plaintiff relies to oppose Defendants' Motion as to those claims. The Court also directed Defendants to file a response to Plaintiff's supplemental memorandum.

4 - OPINION AND ORDER

On October 23, 2012, Plaintiff filed a Supplemental Memorandum in Opposition to Defendants' Motion. On October 29, 2012, Defendants filed a Supplemental Memorandum in Support of their Motion in which Defendants asserted for the first time that Plaintiff's FMLA claim is barred by sovereign immunity as set out in *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012).

On December 18, 2012, the Court heard oral argument on Defendants' Motion to Dismiss and/or for Summary Judgment as to Plaintiff's remaining claims, directed the parties to provide the Court with those documents referenced in the materials that were not contained in the record, directed Plaintiff to file a second supplemental memorandum, and directed Defendants to file a response to Plaintiff's second supplemental memorandum.

On January 30, 2013, the Court issued an Opinion and Order granting Defendants' Motion for Summary Judgment as to Plaintiff's remaining claims for violation of FMLA, substantive due process, and procedural due process and dismissing those claims with prejudice. Also on January 30, 2013, the Court entered a Judgment dismissing Plaintiff's Second, Fourth, Fifth, Sixth, Ninth, and Tenth Claims without prejudice and dismissing Plaintiff's First, Third, Seventh, and Eighth Claims with prejudice.

On February 5, 2013, Defendants filed a Bill of Costs and on

5 - OPINION AND ORDER

February 8, 2013, Defendants filed an Amended Bill of Costs.

### **STANDARDS**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit

6 - OPINION AND ORDER

an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).  *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

### DISCUSSION

Defendants seek costs of $3,183.00 comprised of fees for disbursements for printing and docket fees.  Defendants support their request with an itemized list of the transcripts ordered and receipts for the items photocopied and the transcripts received.

Plaintiff does not object to the specific costs requested but instead asserts the Court should not require her to pay Defendants' costs because Plaintiff has lost all of her income and does not have the financial resources to pay the costs as a result of Plaintiff's discharge from Defendants' employment.

Defendants, however, note despite Plaintiff's assertion that she does not have the income to pay these costs, Plaintiff has failed to establish that she does not have any other resources to pay her costs in this matter.

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but

7 - OPINION AND ORDER

vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The court's discretion, however, is not unlimited. A district court must specify appropriate reasons for a refusal to award costs. *Id.*

To overcome the presumption in favor of awarding costs to the prevailing party, the court must make specific findings that the "case is not 'ordinary' and . . . it would be inappropriate or inequitable to award costs." *Id.* at 593. Appropriate reasons for a district court to deny costs to a prevailing party include the losing party's limited financial resources and any chilling effect a high award of costs might have on future litigants. *Id.* at 592. The losing party has the burden to prove that costs should not be awarded based on the party's inability to pay. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

The Court recognizes a cost of approximately $3,000 can be a steep one for an unemployed individual, but Plaintiff has failed to establish that she does not have sufficient resources to pay Defendants' costs. In addition, the Court concludes the amount at issue here is not so great as to create a chilling effect on future litigants. Finally, the costs here were incurred by a public entity, and courts are reluctant to deny costs when they were incurred by a public entity because the burden of those

8 - OPINION AND ORDER

costs would fall on the taxpayers. *See, e.g., Lopez v. Aitken*, No. 07-CV-2028 JLS (WMC), 2011 WL 3664626, at *2 (S.D. Cal. Aug. 19, 2011)("[T]he Court is reluctant to retax costs on that basis where the costs of defense were advanced by a public entity and the burden would fall on the taxpayers."); *Pineda v. City of Seattle*, No. C06-0157RSL, 2007 WL 201078, at *1 (W.D. Wash. Jan. 22, 2007) ("[T]he Court is very reluctant to retax costs . . . when defendant is a public entity and the costs would be borne by the taxpayers.").

The Court concludes this record does not include any basis for the Court to exercise its discretion to penalize Defendants, in effect, for Plaintiff's unemployed status or to burden the taxpayers under these circumstances.

## CONCLUSION

For these reasons, the Court awards costs of **$3,183.00** to Defendants.

IT IS SO ORDERED.

DATED this 12th day of March, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER